# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                        CASE NO. 3:19cr156/MCR

**TRAVIS M. BUTLER**
_____

## TRIAL BRIEF

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorneys, and represents that it has previously discussed the legal and factual issues with the attorney for the defendant herein pursuant to N.D. Loc. R. 26.2 with respect to those matters set forth in the rule. Counsel now files this report as required by N.D. Loc. R. 26.2 as follows:

A. <u>Discovery material provided:</u>

1. Government:

The government represents that it has generally provided the defendant with all discovery required by the rule; including any known *Brady* material. It further represents that more discovery was provided than is required by the rule; this includes supplemental packets of discovery. Further, the government's evidence was made available to the defense for review in

advance of the trial date and was reviewed by defense counsel at a government facility.

2. Defendant:

The defendant has not presented to the government any witnesses/evidence before trial.

B. Stipulations as to evidence:

1. The parties have agreed that Count Five will be bifurcated from the initial trial evidence. The government will not admit evidence of the defendant's status as a registered sex offender unless and until the jury returns a verdict of guilty as to Count One or Count Two. If that happens, the government will then admit evidence as to the defendant's status, and the jury (or the Court, if so requested by the defendant) will have to consider Count Five on a separate verdict sheet.

C. Remaining legal issues and case summary:

1. The government hereby, in advance, moves for the production of any defense witness statements as provided for in Rule 26.2, Fed. R. Crim. Procedure. While the government recognizes the defense is not required to produce a witness statement until after that witness has testified, the government is making such request, in advance, in order that the defense can

make copies and produce them without unnecessary delay.

2. The government intends to publish to the fact finder, and is entitled to do so, a very small number of images of child pornography. *See United States v. Alfaro-Mocada*, 607 F.3d 720, 734 (11th Cir. 2010); *United States v. McCourt*, 468 F.3d 1088, 1091-1092 (8th Cir. 2006); *United States v. Sewell*, 457 F.3d 841, 843-844 (8th Cir. 2006); *United States v. Dodds*, 347 F.3d 893, 897-899 (11th Cir. 2003); *United States v. Becht*, 267 F.3d 767, 773 (8th Cir. 2001); *United States v. Campos*, 221 F.3d 1143, 1148-1149 (10th Cir. 2000). The government will do this because it does not have to enter into a stipulation regarding elements or proof, nor can such a stipulation be used to prevent the United States from publishing the evidence to the jury. *United States v. Ballard*, 448 Fed. Appx. 987-989 (11th Cir. 2011)(affirming district court's admission of every child pornographic image and a portion of the videos despite the defendant's stipulation that the images and videos were child pornography because the images and videos were "part of the actual pornography possessed"); *Alfaro-Mocada*, 607 F.3d at 734 (affirming district court's admission and publication of child pornography images to the jury "[e]ven if showing the images to the jury created some risk of injecting

emotions into the jury's decision-making" process).[1]

3. The government anticipates the evidence will reveal that, beginning in the summer of 2019, law enforcement in the Northern District of Florida was notified by the National Center for Missing and Exploited Children that there was a registered sex offender (the defendant) engaging in illicit communications via his Facebook account. Upon review of a cybertip from the National Center for Missing and Exploited Children, law enforcement determined the defendant was involved in a sexually explicit relationship with a minor female in Pensacola, Florida. This relationship appeared to involve both the defendant requesting/receiving child pornography from the minor female as well as meeting with the minor female to consummate sexual acts.

Based upon this information along with a preliminary investigation, law enforcement obtained a search warrant for the defendant's (and that of the minor female) Facebook account. It is anticipated the trial evidence will show that the defendant's Facebook account contained many

---

[1] It is anticipated there will be less than one dozen pornographic images published to the jury involving a single minor female. Such publication is warranted under the law as banning the publication of child pornography to a jury is erroneous. *See United States v. Rodriguez*, 797 Fed. Appx. 475 (11th Cir. 2019).

hundreds of text communications between the defendant and the minor female that (a) evidence their sexual relationship, (b) confirm the age of the minor female, and (c) contain within the communications requests by the defendant for the minor female to produce child pornography for the defendant's pleasure.  These communications include graphic requests made by the defendant of the minor female as well as multiple reminders from the defendant for the minor female to erase or delete any potential evidence.

It is anticipated the evidence will also reveal that, post *Miranda*, the defendant admitted engaging in a relationship with the minor female. Moreover, as noted in Document 27, the defendant has a prior admissible conviction pursuant to Federal Rules of Evidence 404(b) for Lewd/Lascivious Battery and Contributing to Delinquency of Child by Impregnating (Under 16).  This type of child sexual exploitation evidence, pursuant to both Rules 404(b) and 414, has been deemed admissible by the Eleventh Circuit.  *See United States v. Woods*, 684 F.3d 1045, 1064-1065 (11th Cir. 2012); *United States v. Cooper*, 433 Fed. Appx. 875, 878-878 (11th Cir. 2011); *United States v. Carino*, 368 Fed. Appx. 929 (11th Cir. 2010).

The government anticipates the aforesaid evidence will be admitted during the trial through testifying law enforcement investigators, social media account evidence captured during the course of the investigation,[2] documentary exhibits, and forensic examination results involving relevant digital devices.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ David L. Goldberg*
David L. Goldberg
Assistant United States Attorney
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, FL 32502-5675
Phone: (850) 444-4000

*/s/ Meredith L. Steer*
MEREDITH L. STEER
Assistant United States Attorney
Illinois Bar No. 6293869
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
(850) 942-8430

---

[2] As this Court is aware, social media account evidence may be authenticated, and thus admitted, based upon a certificate of authenticity as well as an account's contents, its substance, and even other internal characteristics. *See United States v. Barber*, 937 F.3d 965, 970-971 (7th Cir. 2019); *United States v. Quintana*, 763 Fed. Appx. 422, 425-428 (6th Cir. 2019); *United States v. Recio*, 884 F.3d 230, 236-237 (4th Cir. 2018); *United States v. Browne*, 834 F.3d 403, 411-417 (3rd Cir. 2016); *United States v. Siddiqui*, 235 F.3d 1318, 1322-1323 (11th Cir. 2000).

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via the Court's electronic filing system to defense counsel, John Terrezza, Esq., on this the 30th day of September, 2020.

                                              */s/ David L. Goldberg*
                                              DAVID L. GOLDBERG
                                              Assistant U.S. Attorney